REZINE WASSON, PLAINTIFF IN ERROR, v. A. L. PALMER, DEFENDANT IN ERROR.

1. Trial: OBJECTIONS TO IMPANELING JURY. An objection that a case was called and a jury impaneled in the absence of the attorneys for one of the parties must be made in the trial court, and cannot be made for the first time in the supreme court.

2. Instructions to Jury. If one of the paragraphs in the charge of the court to the jury misstate the law upon a material point, such error will not be cured by another paragraph which states the law correctly, because the jury would be left in doubt as to which paragraph was correct.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Dwight G. Hull* and *R. D. Stearns* for plaintiff in error.

*Lamb, Billingsley & Lambertson* for defendant in error.

MAXWELL, J.

This is an action by Palmer against Wasson to recover damages for an alleged breach of contract for the sale of real estate. It is alleged in the petition that on the 3d day of May, 1877, Wasson purchased from Palmer the building in which he resided and ten acres of land for the sum of $7,000, to be paid as follows: $100 cash in hand, $3,000 in thirty days, and $3,900 in sixty days from that date. That said Wasson has wholly failed to comply with said contract, and has paid no part of said sum except the $100. The damages alleged to have been sustained are set forth in the following language: "Plaintiff further avers that by reason of the non-performance of the said covenants and agreements in said contract contained, by defendant to be performed, he, plaintiff, hath suffered damage in the sum of one thousand dollars over and above the one hundred dollars paid as aforesaid, by reason of the decline of said lands in value from the price it was sold at to defendant to a price $1,100 less, which plaintiff was subsequently compelled to sell said land by reason of the actual decline in value thereof in said sum last named."

Wasson in his answer admits the making of the contract and the payment of $100, but denies the other allegations in the petition and alleges that Palmer has suffered no loss on account of the alleged breach of contract. On the trial a verdict for $1,000 was rendered in favor of Palmer, upon which judgment was rendered.

The first error assigned is that the jury was impaneled in the absence of the plaintiff in error or his attorneys. This assignment is sustained by an affidavit of Mr. Stearns, but there is no record of any objection to the jury or any particular juror.

The jury seems to have been acceptable to Wasson's attorneys before the trial was entered upon, nor is any objection of this kind made in the motion for a new trial. The right of every suitor to a fair and impartial jury has been steadily maintained by this court ever since its organization; but the objections must be made before the trial, otherwise they are waived.

It is the business of attorneys to be present in court and be ready to proceed with their cases when reached in their regular order on the docket; but if from the·sudden termination of a trial a case is reached at a much earlier date than might reasonably have been expected, and in consequence the attorneys of one of the parties are absent from the court room, it would seem but reasonable that the court should direct that notice be given them to attend at once.

In the case at bar there is nothing in the record to show that the matter was brought to the attention of the trial court, and it cannot therefore be considered here.

Objection is made to the third paragraph of the instructions, which is as follows: "If you find for the plaintiff, you should assess such damages as the plaintiff sustained by the breach of the contract by the defendant, if you find that he broke or terminated the same, and that at the time he did so the plaintiff was ready, able, and willing to perform the same on his part according to its terms." This instruction was well calculated to mislead. The proper measure of damages was the difference between the contract price and the actual value of the property at the time the contract was broken, yet the jury are told that they may assess such damages as the plaintiff sustained by the alleged breach, not limiting them in any manner. Such an instruction could not fail to mislead the jury, and is not cured by a subsequent instruction stating the measure of damages correctly. While instructions will be considered as a whole, yet the several

paragraphs must be consistent with each other.   It would be a very unsafe rule to adopt, to sustain instructions some of the paragraphs of which misstated the law.

It is said that this defect is cured by the giving of a correct instruction.   It is a sufficient answer to say that the jury would not know whether to rely upon the correct or the incorrect paragraph.   The object of instructions is to enable the jury, who are the judges of the facts, to apply the law to the facts proved.   The law thus given must be applicable to those facts and none others.   The question at issue in this case was whether Palmer had sustained damages by the alleged breach of the contract, and if so, the jury should have been told in plain, unequivocal language the proper mode of estimating the same.

The judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.