Fitzgerald v. Meyer.

JOHN FITZGERALD, PLAINTIFF IN ERROR, v. AXEL MEYER, DEFENDANT IN ERROR.

1. **Sale: FRAUD.** Every sale made by a vendor of goods and chattels in his possession or under his control, unless the same be accompanied by an immediate delivery, and be followed by actual and continued change of possession of the thing sold, is presumed to be fraudulent, as against subsequent purchasers in good faith, unless it shall be made to appear on the part of the person claiming under such sale that the same was made in good faith and without intent to defraud such purchasers; therefore, under our statute of frauds, the delivery of possession of property sold is not necessary to protect the purchaser as against subsequent purchasers, provided the purchase is shown to have been made in good faith.

2. ———: ———. By our statute the retention of possession by the seller is, at most, only *prima facie* evidence of fraud, which may be rebutted by proof. *Robinson v. Uhl*, 6 Neb., 328.

3. ———: ———: QUESTION OF FACT. In all cases arising under our statute the question of fraud in a sale is one of fact, and not of law. *Id.*

4. **Instructions to Jury.** If one or more of the paragraphs in the charge of the court to the jury misstates the law upon a material point, such error will not be cured by other paragraphs, which state the law correctly. *Wasson v. Palmer*, 13 Neb., 376.

ERROR to the district court for Douglas county. Tried below before GROFF, J.

*Breckenridge & Breckenridge*, for plaintiff in error, cited: *Robinson v. Uhl*, 6 Neb., 333. Jones Chattel Mortgages, 2d Ed., 642. 1 Field's Lawyers' Briefs, Sec. 760. *Packard v. Kingman*, 11 Iowa, 219.

*W. J. Connell*, for defendant in error.

REESE, CH. J.

This was action in replevin, instituted in the county court of Douglas county, and from which it was appealed

to the district court of said county, where a trial was had, resulting in a verdict and judgment in favor of defendant in error.

Plaintiff in error, who was plaintiff below, brings the cause to this court by proceedings in error.

From the bill of exceptions it appears that on the tenth day of January, 1885, one J. G. Morrisey, who resided in Adair county, Iowa, was indebted to plaintiff in error, in the sum of $150, and to secure which he executed a chattel mortgage upon the property in dispute in this action, to-wit: One span of black horse mules. The mortgage was duly recorded in that county. Soon after its execution Morrisey removed from that state, taking the mortgaged property with him, without the knowledge or consent of the mortgagee.

It also appears from the evidence that, on the 5th day of May, 1885, Morrisey executed to plaintiff in error a bill of sale for certain property, including the mules in question, but that he retained the possession of the mules. Some time after the execution of the bill of sale Morrisey sold the property to John B. Furay, who in turn sold it to defendant in error. The purchase by Furay was in good faith, for value, and without knowledge of the existence of the chattel mortgage or bill of sale. The mules, having been found in the possession of defendant in error, were replevied by plaintiff in error.

While we find no direct testimony upon that point, yet perhaps it sufficiently appears that the bill of sale was executed in Hall county, in this state.

Upon the trial, the court gave to the jury, among others, the following instructions, on its own motion :

"*Third.* You are instructed that if you find that J. G. Morrisey executed to plaintiff a chattel mortgage upon the mules in question, in Iowa, and that the same was recorded there, to secure a bona fide indebtedness to plaintiff, and the mules were by Morrisey, or any one else,

removed from said state of Iowa without the consent of the plaintiff, and brought to the state of Nebraska, the plaintiff did not thereby lose his mortgage lien, but could follow said property with his mortgage, and take the same in the state of Nebraska."

"*Fourth.* You are further instructed that, if you find that the property in controversy was removed from Iowa to Nebraska, and that after its removal the plaintiff took a bill of sale of the mortgaged property, then it will be your duty to determine whether said property was taken in payment of the indebtedness from Morrisey to Fitzgerald; and, if you find that it was taken in payment of the note and mortgage, and that there was not an immediate delivery, followed by an open and continued change of possession, and said bill of sale was not recorded, and that John B. Furay bought the same in good faith, without notice of Fitzgerald's claim, then you should find for the defendant."

"*Fifth.* You are further instructed that, if you find that the plaintiff took the bill of sale on the mules in question in payment of the notes, and did not record the bill of sale, and that said transaction was not accompanied by an immediate and continued change of possession of the mules from Morrisey to Fitzgerald, that then you should find for the defendant."

Also the following instruction asked by the defendant. in error:

"The jury are instructed that if they find from the evidence in this case that the bill of sale of the mules in controversy, which has been received in evidence, was executed and delivered by Morrisey to Fitzgerald, and that it was the intention and purpose of said parties that the same was in settlement of the note secured by the mortgage, and that such transaction was not accompanied or followed by a delivery or change of possession of said mules, and that subsequently, while said mules were in the

possession of Morrisey, they were purchased in good faith by John B. Furay, without notice or knowledge of any interest of Fitzgerald in the property, that by such purchase Furay would acquire a good title to said mules, and he and his grantees be entitled to the possession of said mules as against any claim of Fitzgerald under either the chattel mortgage or bill of sale."

To the giving of these instructions plaintiff duly excepted.

It will be seen that the rule stated by these instructions is, that if the bill of sale was given in payment of the indebtedness secured by the mortgage, and was not recorded, nor the possession of the property taken by Fitzgerald, he could not recover in any event.

No brief has been filed by defendant in error, and we are left somewhat in the dark as to his view of the law of the case.

It would seem to be the holding of the court, as shown by these instructions, that if the property was sold to Fitzgerald by Morrisey, at the date of the execution of the bill of sale, and plaintiff did not take possession of the property, and that Furay afterwards bought it in good faith, the title of plaintiff would be extinguished, and Furay's title would be perfect.

Section 11 of chapter 32 of the Compiled Statutes of 1887 provides that, "Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the thing sold, mortgaged, or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor or the creditors of the person making such assignment, or subsequent purchasers in good faith; and shall be conclusive evidence of fraud, unless it shall

be made to appear on the part of the person claiming under such sale or assignment that the same was made in good faith, and without intent to defraud any such creditors or purchasers."

In *Robinson v. Uhl*, 6 Neb., 328, a question somewhat similar to the one here presented was before the court, when Chief Justice Lake, in writing the opinion of the court, quoted the section under consideration, and said: "Under the operation of this section it will be seen that the decisions of the courts of those states where the rule of the common law prevails can not be followed. Under our statute the retention of possession by the seller is, at most, only *prima facie* evidence of fraud, which may be entirely rebutted by the circumstances attending the transaction."

There is no doubt of the fact of the indebtedness of Morrisey to plaintiff in error at the time of the execution of the mortgage and bill of sale, and which indebtedness has never been paid, unless by the execution of the bill of sale. By the section above quoted the transfer, in the absence of the delivery of possession, is presumed to be fraudulent, and this presumption is made conclusive, unless it be made to appear by the party claiming under it that it was made in good faith, and without any intent to defraud creditors or purchasers. There is ample proof that the mortgage was made in good faith, and for the purpose alone of securing the indebtedness referred to in it. There is but little proof as to the execution of the bill of sale, and none of the circumstances under which it was made. But we think it sufficiently appears that it was made in pursuance of the mortgage, and for the purpose of relinquishing Morrisey's title in the property to plaintiff. This being true, the instruction should not have been given.

The question of the *bona fides* of the plaintiff should have been submitted to the jury. It may be contended

that there were other instructions given which did properly submit this question, but that, we think, would make no difference, since the jury were instructed to find for defendant, if they found from the evidence that the bill of sale was given and not recorded, and that the transfer was not accompanied by an immediate and continued change of possession. The giving of an instruction which misstates the law upon a material point cannot be cured by the giving of another instruction in which the law is correctly stated. *Wasson v. Palmer*, 13 Neb., 376.

It is contended by plaintiff that the court erred in refusing to give certain instructions asked for by him. But since no exception was taken to the action of the court in that behalf, the instructions will not be examined.

It is deemed necessary to notice but one other of the alleged errors contained in the petition in error. This is the ruling of the court sustaining an objection to a question and the answer thereto contained in the deposition of one David Sisk. The question, which was propounded by counsel for plaintiff in error, was as follows:

"Q. State whether the bill of sale that you speak of, or any other instrument, was ever made between Mr. Morrisey and Mr. Fitzgerald, the plaintiff here, intended to do away with or take the place of the chattel mortgage dated January 10, 1885?"

Objected to because, 1st, the bill of sale itself is the best evidence; 2d, the witness is asked to give a legal conclusion; and 3d, immaterial and irrelevant.

"A. No, it never was so intended."

We are unable to discover any error in the ruling of the court upon this question.

The witness was the agent of plaintiff in error. There is no proof that the bill of sale was taken by him, or that he had any knowledge of it at the time it was done, or that he had any connection with it. It would seem pretty clear that he should not be permitted to testify as to what

the intention was, unless it had been shown that he had sufficient knowledge upon that subject to enable him to testify to the fact.

For the error in giving the instructions alleged, the judgment of the district court is reversed, and the cause remanded for further proceeding.

REVERSED AND REMANDED.

THE other judges concur.