School District v. Foster.

SCHOOL DISTRICT OF CHADRON V. C. E. FOSTER.

[FILED MARCH 10, 1891.]

1. **Schools:** TEACHER'S SALARY: ACTION TO RECOVER.   In an action against a school district for an alleged breach of a contract of employment the answer was a general denial.   There was no proof tending to show that the defendant had not derived an income from other business than that of teaching during the existence of the alleged contract.   *Held,* That an instruction that "the plaintiff, if he is entitled to recover at all, will be entitled to recover as damages the agreed wages or salary for the whole period, being $1,000 for the school year," was not applicable to the testimony.

2. **Conflicting Instructions.**   Where two instructions are given which state different rules for estimating damages upon the same state of facts, thereby leaving the jury in doubt as to the correct rule. the verdict will be set aside, notwithstanding one of said instructions may have been correct and based upon the testimony.

3. **Question of Fact.**   Whether or not a contract existed was a question of fact for the jury.

ERROR to the district court for Dawes county.   Tried below before KINKAID, J.

*Alfred Bartow,* and *George A. Eckles,* for plaintiff in error, cited, as to the instructions : *Paine v. Kohl,* 14 Neb., 580; *Eaton v. Carruth,* 11 Id., 231; *McPherson v. Wiswell,* 19 Id., 117 ; as to the contract : *State, ex rel. Carter,* v.

*Sch. Dist.*, 22 Id., 48; *Hazen v. Lerche*, 11 N. W. Rep., 413; *Brown v. Sch. Dist.*, 10 Atl. Rep., 119; *Sch. Dist. v. Mercer*, 9 Id., 64; *Colloway v. Ogden*, 28 N. W. Rep., 764.

*Brome, Andrews & Sheean, contra,* cited: *Everett v. Sch. Dist.*, 30 Mich., 249.

MAXWELL, J.

This action was brought by the defendant in error against the plaintiff in error in the district court of Dawes county, on an alleged contract of employment as principal of the school, for the school year commencing September, 1887, and ending in June, 1888. The damages claimed are $1,000. The answer is a general denial. On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $600, upon which judgment was rendered.

The testimony tends to show that the defendant in error had been principal of the Chadron school for the years 1885–1886, at a salary of $1,000 per annum; that at a meeting of the school board in May, 1887, a *viva voce* vote was taken to retain the defendant for the ensuing school year. At this meeting there were three new members of the board who claim to have taken little or no part in the meeting. At this meeting the defendant was present and claims to have accepted the election: This, however, is denied by other witnesses.

A second meeting of the school board was held June 15, 1887, at which it seems to have been discovered that teachers were to be elected by ballot, and thereupon the board directed their secretary to cast their votes for the defendant. It is claimed that the defendant was present at this meeting and accepted the election. This, however, is denied.

About the 5th of July, 1887, a public meeting seems to

have been held by persons who were opposed to the em-- ployment of the defendant, and objections seem to have been made to his employment. What those objections were we have no means of knowing, as none of them appear in the record. The defendant was present at the meeting called by those opposed to his employment as teacher, and defended himself against the accusations.

Nothing further was done until the 23d of August, 1887, when the board of education sent a formal request to the defendant to "resign" as principal of the school. This he refused to do, and thereupon executed a contract which is in evidence before us. This contract, however, was not signed by any of the members of the school board and therefore does not aid the defendant's case.

The defendant on or about the 10th day of September, 1887, offered to perform his duty as principal, which the board refused to allow him to do, but employed another person as principal.

The defendant testifies that he then applied for employ— ment at other places as principal, but was unable to obtain a situation. There is a failure to state, however, at what places he applied or what efforts he made to procure an— other school; nor does the testimony tend to show what actual loss he sustained by a breach of the alleged contract.

There is testimony in the record tending to show that it is usual for teachers to make applications to a number of schools for propositions, from which it is apparent that an election by a school board is merely a proposition to the teacher which he may accept or reject at his pleasure. Whether the election in this case was accepted so as to bind the defendant is a question of fact for the jury, and upon which, as there must be a new trial, we will express no opinion.

The first instruction, given at the request of the defend- ant, is as follows:

"You are further instructed that if you find that de-

fendant, through its board of education, duly and regularly elected the plaintiff as principal and instructor of defendant's public schools, and that said plaintiff accepted such employment, and also informed the defendant, through its board of education, then you are informed that this was a sufficient contract of hiring upon which to base a recovery for a breach thereof, provided that you further find that the plaintiff was a qualified teacher, held himself in readiness to perform his part thereof at the proper time, and was prevented from performing the same by reason of the refusal of defendant or its board of education to allow plaintiff to perform the same. You are further instructed that the period of stipulated service having heretofore expired, the plaintiff, if he is entitled to recover at all, will be entitled to recover as damages the agreed wages or salary for the whole period, being $1,000 for the school year."

This instruction is too broad.

The answer is a general denial, and the burden of proof is on the defendant to show the amount of damages which he has sustained.

In this country where the services of capable men are in demand it will not be presumed that any such person remained entirely idle for any considerable time. The defendant himself in his testimony does not claim to have been idle or unemployed or not engaged in other business from which he derived an income. The instruction, therefore, was not applicable to the testimony.

It is claimed, however, on behalf of the defendant, that the court had already given a proper instruction in the case. But even if that is so, the error is not cured, as the instructions on that point state conflicting rules upon the same state of facts, leaving it uncertain which rule is to be adopted by the jury.

There are other errors in the record which need not be noticed.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.