EMIL SCHRIDER v. WILLIAM TIGHE, SHERIFF.

FILED NOVEMBER 21, 1893.  No. 5299.

Fraudulent Conveyances: CHATTEL MORTGAGES: QUESTION FOR JURY. The sole question presented in this case is, whether or not, as against existing creditors, a chattel mortgage made by a judgment defendant to plaintiff in error was fraudulent. The verdict of the jury, supported by competent evidence, is conclusive of that question as one of fact.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J.

The opinion contains a statement of the case.

*H. D. Travis,* for plaintiff in error :

Though a chattel mortgage, absolute in form and given for a definite sum as being due from the mortgagor, was in fact given only to indemnify the mortgagee against liability as joint maker with the mortgagor on certain notes, yet this would not invalidate the mortgage, if in fact a *bona fide*

liability existed upon such notes. (*Warren v. His Creditors*, 28 Pac. Rep. [Wash.], 257.)

The evidence of fraud given upon the trial cannot be taken to affect or impair the title of the grantee, Schrider. (*Sloan v. Coburn*, 26 Neb., 609; *Williams v. Eikenberry*, 25 Neb., 721.)

A pre-existing debt already due is a good consideration for a chattel mortgage, and protects the mortgagee to the same extent as a new consideration. (*Turner v. Killian*, 12 Neb., 580.)

There is no presumption in this case that there was no consideration for the mortgage. (*Forbes v. McCoy*, 15 Neb., 632; *Grimes v. Sherman*, 25 Neb., 843.)

*John A. Davies, contra:*

Fraud in such cases is a question of fact for the jury, and its verdict will not be disturbed unless clearly wrong. (Sec. 1802, Con. Stats.; *Sycamore Marsh Harvester Co. v. Grundrad*, 16 Neb., 537, and cases cited.)

RYAN, C.

All essential facts and the sole question involved in this case are stated in the brief of plaintiff in error in the following language: "This is an action in replevin brought by Emil Schrider to obtain the possession of a quantity of ice, upon which he held a subsisting mortgage at the time the property was replevied, which mortgage was dated the 16th day of May, 1891, and filed in the county clerk's office on the 20th day of May, 1891. This mortgage was given by Charles F. Grothe and Etta S. Grothe to secure two notes to the First National Bank of Weeping Water; one for $225, another for $250; the one payable June 26, 1891, and the other payable July 24, 1891, and to secure the sum of $15 due said Schrider from the Grothes. Mr. Schrider had signed the aforesaid notes as surety to the bank, and at the time of the trial of this case in the dis-

trict court had paid both of these notes.  The jury found
in favor of the sheriff, the defendant, but found the value
of the property to be only $100, thus finding that the
mortgage was void.   There is only one proposition in this
case, that is, was the mortgage executed by Etta S. Grothe
and Charles F. Grothe on the 16th day of May, 1891,
covering the ice in question and delivered to Emil Schrider,
a valid mortgage?"  Consistently with the above statement,
no question, other than as stated, is urged in this court by
the plaintiff in error.

Section 20, chapter 32, Compiled Statutes, provides that
"the question of fraudulent intent in all cases arising
under the provisions of this chapter shall be deemed a ques-
tion of fact, and not of law," etc.   The existence of facts
showing a fraudulent intent in respect of conveyances al-
leged to be fraudulent must be determined by the jury.
(*Fitzgerald v. Meyer*, 25 Neb., 77 ; *Connelly v. Edgerton*, 22
Neb., 82; *Davis v. Scott*, 22 Neb., 154; *Sonnenschein v.
Bartels*, 37 Neb., 592, filed this term.)  The verdict of the
jury in this case, therefore, settles as a fact the only contro-
versy in respect of which argument has been made; and the
evidence, upon examination, being found ample to justify
such verdict, the judgment of the district court is

AFFIRMED.