WASHINGTON I. CARSON, SHERIFF, v. CASSIE A. STEVENS.

FILED APRIL 17, 1894. No. 5703.

1. **Fraudulent Conveyances:** HUSBAND AND WIFE: BURDEN OF PROOF. Ordinarily, fraud will not be presumed, but must be proved by the party alleging it. The rule has no application in a suit between a wife and a creditor of her husband, concerning property transferred to her by him, after the contracting of the indebtedness. In such a case the burden is upon the wife to establish by a preponderance of the evidence the *bona fides* of the sale or transfer of the property to her.

2. **Instructions.** A misstatement of the law by the court in an instruction upon a material issue in the case is reversible error, even though the correct rule is stated in other paragraphs of the court's charge.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J.

*Carson & Fifield* and *W. C. Sloan*, for plaintiff in error.

*F. B. Donisthorpe, contra.*

NORVAL, C. J.

This was an action of replevin brought by the defendant in error to recover possession of a general stock of merchandise taken by the plaintiff in error, as sheriff of Fillmore county, under several writs of attachments issued against Garrett Stevens, husband of defendant in error. The plaintiff below claimed title to the property by virtue of a bill of sale given to her by her husband. She having failed to give a replevin bond as required by law, the action proceeded as for conversion.

Two trials have been had, the first of which resulted in a verdict and judgment for the sheriff. Plaintiff below prosecuted a petition in error to this court, where, at the

September term, 1890, the judgment was reversed and the cause remanded to the district court for a new trial. (30 Neb., 544.) On the second trial a verdict was rendered for defendant in error for $611.11, upon which judgment was rendered. The sheriff brings the case to this court on error.

It is undisputed that the stock of goods in controversy was owned by Garrett Stevens on and prior to January 15, 1889. On that day Stevens, being insolvent, conveyed by bill of sale all of his property to his wife, the defendant in error, in payment of an alleged indebtedness. Mrs. Stevens was aware at the time of the transfer that her husband was being pressed by his creditors for the payment of their claims. Shortly after the execution of the bill of sale the sheriff seized the goods by virtue of three writs of attachment in suits brought by the creditors of Garrett Stevens. Upon the last, as well as the former trial, defendant in error introduced testimony tending to show that the property was transferred to her in payment of a pre-existing indebtedness of her husband. There was likewise evidence before the jury from which the inference could properly be drawn that the bill of sale was fraudulently made for the purpose of hindering and delaying the creditors of Garrett Stevens in the collection of their debts.

In the opinion on the former hearing we said: "Where a debtor transfers property to his wife, and such transfer is contested by the creditors of the husband, the presumption is against the *bona fides* of the transaction, and the law places the burden upon the wife to show that the sale was not made to defraud the creditors of the husband." In other words, she is required to prove by a preponderance of the evidence that the transfer was made in good faith and not with the intent of hindering, delaying, and defrauding the husband's creditors, where such transfer is made subsequent to the contracting of the indebtedness for which the attachments were sued out.

The principal ground upon which we are asked to reverse the case is that the instructions of the trial court upon the question of the burden of the proof are contradictory and misleading. The third and fourth instructions given at the request of the plaintiff in error are as follows:

"3. The jury are instructed that transactions between husband and wife in relation to the sale or transfer of property from one to the other, whereby creditors are prevented from collecting their just dues, should be scrutinized very closely, and the *bona fides* of such transaction should be established satisfactorily by a preponderance of the evidence.

"4. The jury are instructed that in a contest between the wife and the creditors of her husband in regard to property transferred by him to her, there is a presumption against her which she must overcome by affirmative proof; and prove by a preponderance of the evidence the *bona fides* of the sale."

The second and fourth instructions given by the court on its own motion read as follows:

"2. The defendant admits the taking of the property, but says that it was the property of Garrett Stevens, and the claim of plaintiff therein fraudulent, and that the defendant took the goods by virtue of certain writs of attachment against Garrett Stevens, which were set forth in defendant's answer herein, and that the transfer to plaintiff of the merchandise was made and received with the knowledge of the claim of the creditors and with intent to hinder, delay, and defraud the creditors of Garrett Stevens."

"4. It is a general rule of law that a party alleging a fact undertakes the burden of proving such fact by a preponderance of the evidence."

And at the request of the defendant in error the court gave this instruction, to the giving of which the plaintiff in error excepted:

"8. You are instructed that fraud is never presumed.

The burden is upon the defendant to establish the allegations by a preponderance of evidence in this case."

Generally, the burden is upon the party alleging fraud to prove the same. But the rule is different in cases like the one at bar, where the transfer was made after the contracting of the indebtedness for which the attachments were issued. As was said by this court in the opinion in *First Nat. Bank of Omaha v. Bartlett*, 8 Neb., 328: "Transactions between husband and wife in relation to the transfer of property from him to her, by reason of which creditors are prevented from collecting their just dues, will be scrutinized very closely, and it must be clearly established that such transactions were made in good faith. (*Aultman v. Obermeyer*, 6 Neb., 264.) The reason is that there is such a community of interest between husband and wife that such transfers are often resorted to for the purpose of withdrawing the debtor's property from the reach of his creditors and preserving it for his own use. Therefore, in a contest between a wife and the creditors of her husband there is a presumption against her which she must overcome by affirmative proof."

In the case under consideration the sheriff was not required to establish that the property was transferred to Mrs. Stevens with an intent to defraud; but it devolved upon her to establish, by a preponderance of the evidence, the good faith of the transaction. The two instructions above quoted, which were given at the request of plaintiff in error, stated the law applicable to the evidence correctly, and the doctrine therein enunciated is in harmony with the previous decisions of this court upon the question under consideration. (*First Nat. Bank of Omaha v. Bartlett, supra*, 8 Neb., 328; *Thompson v. Loenig*, 13 Neb., 386; *Stevens v. Carson*, 30 Neb., 544.)

The trial court in its fourth instruction announced the general rule upon the question of the burden of proof. This instruction was not excepted to when read to the jury,

nor is the giving thereof now assigned for error, but it is urged that the plaintiff's eighth instruction and the defendant's third and fourth requests are contradictory. We think this contention is well founded, since the eighth instruction asked by defendant charged the jury, in effect, that the sheriff was required to prove the allegations of fraud in his answer by the preponderance of the evidence, while by the other two instructions referred to the jury were informed that the law raised a presumption that the transfer of the property to the wife was fraudulent, and that the burden was upon her to overcome this presumption by a preponderance of the evidence. The two rules laid down for the guidance of the jury were conflicting and misleading, and, therefore, were prejudicial to the rights of plaintiff in error. ( *Wasson v. Palmer*, 13 Neb., 376; *School District v. Foster*, 31 Neb., 501.)

There are other errors assigned, such as the verdict is contrary to the evidence, and errors of law occurring during the trial, but they will not be considered, since the judgment must be reversed for the reasons already stated. The judgment of the district court is reversed and the cause remanded for a new trial.

                              REVERSED AND REMANDED.