ARTHUR J. RICHARDSON v. SUSAN F. HALSTEAD.

FILED APRIL 4, 1895.   No. 6037.

1. **Trespassing Animals:** DUTY OF DISTRAINOR TO FEED.   The owner of live stock taken up under the herd law by the owner of cultivated lands, on which they are found.trespassing, is not, while the stock remains in the possession of the land-owner by virtue of his lien, under obligations to feed, water, or care for such stock.   Such obligations devolve upon the lienor.

2. ——: ——: DEGREE OF CARE.   In keeping the stock and caring therefor the lienor is required to exercise only such care as would be exercised by a person of ordinary prudence· under ·the circumstances.

3. ——: ARBITRATION: RES ADJUDICATA: DAMAGES TO STOCK. The authority of arbitrators appointed under the herd law is merely to appraise the damages and costs sustained by the land-

Richardson v. Halstead.

owner, and, therefore, any right of action which may accrue to the owner of the stock by reason of the former's negligence in keeping the same is not barred by the fact that the statutory arbitration was had and damages assessed and paid.

4. **Instructions.**  An instruction which misstates the law is not cured by other instructions stating it correctly, because the jury would be left in doubt as to which paragraph was correct. (*Wasson v. Palmer*, 13 Neb., 376.)

ERROR from the district court of York county.    Tried below before WHEELER, J.

*Sedgwick & Power*, for plaintiff in error.

*Harlan & Harlan, contra.*

IRVINE, C.

The plaintiff in error seized certain live stock of the defendant in error found trespassing upon his land.    Arbitrators were appointed under the herd law, damages assessed and paid.    Among the animals so taken up were certain milch cows.    Thereafter the defendant in error brought this action against the plaintiff in error, alleging that while the stock was in his possession he had negligently failed to properly feed, water, and care for said stock, and to milk said cows, whereby said stock was damaged.    On the issues joined, which need not be here set out, there was a verdict for the defendant in error for $1, and the plaintiff in error brings the case here because, as he says, he deems the questions of law involved of sufficient general importance to justify his course in spite of the small amount of the judgment.

The only assignments of error discussed in the briefs are directed  against the eighth, ninth, and eleventh instructions given by the court.    These are as follows:

"8. You are instructed that where stock of any kind is taken up for trespass the owner thereof is not required to look after, feed, water, or care for the same; and if any

portion thereof are milch cows, the owner is not required to milk the same, but is justified in leaving the feeding, watering, and caring of such stock, and the milking of such cows, to the party taking up the same, and you are instructed that in this case the plaintiff was under no obligations to feed, water, or care for the stock or to milk her cows while in the possession of the defendant.

"9. You are instructed that the fact that the notice was served on plaintiff to pay damages claimed by the defendant by reason of the trespass of the said stock upon the land of defendant, and that damages for the same were paid by the plaintiff, in no way affects the right of the plaintiff to recover such damages from the defendant as you find from the evidence she has sustained."

"11. But if you find by a preponderance of the evidence in this case that the defendant, while in the possession of the stock and milch cows of the plaintiff, failed to so keep, water, or milk the same as to prevent injury resulting therefrom, you should find for the plaintiff in such sum as is equal to the damage that you find from all the evidence the plaintiff has sustained by reason of the failure of the defendant to so keep, feed, water, or milk such stock or milch cows of the defendant."

No particular criticism is made upon the eighth instruction, except as it is connected with the ninth and eleventh. We think the instruction was correct. The herd law (ch. 2, art. 3, Compiled Statutes) gives to owner of cultivated lands a lien for his damages upon animals trespassing thereon, and authorizes him to take the stock into his possession. It follows, therefore, that when the land-owner avails himself of the statute by taking up the stock he is entitled to the possession hereof, and the owner of the stock is not only under no obligations to care for the same while so held, but he has no right to interfere with the possession of the lienor. He has certainly no implied license to enter upon the lands of the lienor for the purpose of caring for

Richardson v. Halstead.

the stock, and if he undertook to do so without express license he would himself become a trespasser.

The ninth instruction is criticised because, as counsel argue, if it is true that proceedings under the herd law in no way affect the right to recover damages in such a case as the present, then one who takes up cattle *damage feasant* becomes a trespasser and the herd law is in effect repealed. We do not think this a just criticism of the instruction. The court was not speaking of the recovery of any damages except such as were sued for in this case, to-wit, those caused by negligence in the keeping of the stock. As applied to such a case it is true that the award and payment of damages to the land-owner under the herd law does not affect any cause of action the owner of the animals may have for such negligence. The only issue before the arbitrators is the amount of damages done by the stock to the cultivated land, and the costs incurred by the owner of the land. This is all the arbitrators may find, and it is only for this that the statute authorizes the entry of judgment. Therefore, for any tort incidentally committed the parties have no remedy under the herd law, but are relegated to the ordinary procedure.

The eleventh instruction we think erroneous. The word "therefrom" renders the instruction somewhat ambiguous, but we think that its clear effect was to convey to the jury the impression that it was the duty of the defendant below, while in possession of the stock, to so keep, feed, water, or milk the same as to prevent injury to the stock, and if he failed to do so he would be liable for any injury resulting from such failure. This makes the lienor an insurer of the safety of the stock against all damages arising from the manner in which it is kept. The lienor's duty is not so great. His position is analogous to that of a bailee, and he is only required in the care of the stock to take such precautions as a person of ordinary prudence would take under similar circumstances. In the fifth and again in the

43

seventh instruction the court stated correctly the rule of
care required, and defendant in error contends that the
eleventh instruction was thereby cured under the rule re-
quiring the whole charge to be construed together. But
this is not a case where an instruction incomplete in itself
or too general is helped out by further instructions explain-
ing, complementing, or qualifying the first. Here, the rule
stated in the eleventh instruction is in conflict with the rule
stated in the fifth and in the seventh. In such case it is
impossible to say which instruction the jury followed, and
the correct instructions do not cure the error. (*Wasson v.
Palmer*, 13 Neb., 376; *Ballard v. State*, 19 Neb., 609;
*Fitzgerald v. Meyer*, 25 Neb., 77; *McCleneghan v. Omaha
& R. V. R. Co.*, 25 Neb., 523; *Robb v. State*, 35 Neb., 285;
*First Nat. Bank v. Lowrey*, 36 Neb., 290; *Carson v. Stev-
ens*, 40 Neb., 112.) For the error in the eleventh instruc-
tion the judgment must be reversed.

REVERSED AND REMANDED.