SAMUEL M. CROSBY V. J. T. RITCHEY.

FILED APRIL 10, 1896. No. 6395.

1. Fraud: PLEADING. In pleading fraud it is necessary to set out the facts relied upon for relief. Mere epithets or conclusions of fraud, without any statement of the facts upon which such charge is predicated, are insufficient.

2. Negotiable Instruments: FRAUD: CONSIDERATION: PLEADING. Answer examined and *held* to charge a failure of consideration only and not fraud in the inception of the notes sued upon.

3. ———: INDORSEMENTS: CONSIDERATION: BURDEN OF PROOF.

Where the only defense alleged in an action by the in-
dorsee of a promissory note is the failure of considera-
tion, the burden is upon the defendant to overcome the
presumption that such note was transferred before due,
for value, in the usual course of business. (*Violet v. Rose*,
39 Neb., 660; *Kelman v. Calhoun*, 43 Neb., 157.)

ERROR from the district court of Cass county.
Tried below before CHAPMAN, J.

*Beeson & Root*, for plaintiff in error.

*W. C. Sloan* and *E. H. Wooley, contra.*

POST, C. J.

This was an action upon two promissory notes
executed by the defendant in error, Ritchey, for
$75 and $37.50 respectively, both payable to the
order of A. T. McLaughlin and indorsed in blank
by the payee. To the petition, which is in the
usual form, the defendant below answered as fol-
lows: "The defendant for answer denies that he is
indebted to plaintiff in any sum upon the pre-
tended notes sued on, and avers that such notes
were obtained by A. T. McLaughlin, as the presi-
dent of the Omaha Medical Institute, without con-
sideration and by fraud and false representations,
in this, that as such officer or president of said
institute he agreed to furnish medical services for
six (6) months from about February 23, 1891, to
August 23, 1891; that such service and medical
attendance and advice were the only considera-
tion for such pretended notes and a contract for
such medical services and advice being made at
same time, and are but one contract with the
notes, and nothing was to be paid until such medi-
cal services had been done and completed; that
such medical services being not done nor fur-

nished as so agreed, nor was anything done whatever, though requested to be done; that at the time such pretended notes were obtained this defendant was led to determine and did determine that the whole matter was but a contract for such medical services and attention to be given for in about six months' time. It now appears that all was but a scheme and a device to swindle and defraud this defendant. It is further averred that plaintiff is not an innocent owner of such pretended notes sued on, the plaintiff knew the consideration of said notes had failed before he obtained the same; that the plaintiff is really not the rightful owner and holder of such notes and the plaintiff has no right to sue this defendant." The reply is in effect a general denial. A trial of the issues thus joined was had, resulting in a verdict and judgment for the defendant below, which we are asked to reverse on account of alleged errors, to be hereafter noticed.

Among the instructions given by the court on its own motion, and to which exception was duly taken, are the following:

"2. In this case you are instructed that the burden of proof is upon the plaintiff to satisfy you by a fair preponderance of the evidence that he is the owner and holder of the promissory notes in question for a valuable consideration, and that the burden of proof is upon the defendant to satisfy you by a preponderance of the evidence of the want of consideration for said promissory notes, and that the same were obtained from the defendant by fraud and deceit.

"3. You are further instructed that as a matter of law, if you find from the evidence that the plaintiff purchased the notes in controversy in

this action before the day the same became due and payable, and in the usual course of trade for a valuable consideration, without notice of any defense that defendant might have or claim to have thereto, that in such case your verdict should be in favor of the plaintiff, unless you further find from the evidence that at the time defendant signed said notes he was led by the fraud and artifice of the original payee or his agents, and that defendant was not guilty of any neglect whatever in signing the same."

The first question suggested by the assignment relating to the foregoing instructions is the character of the defense alleged. The answer appears to have been by the district court interpreted as charging fraud on the part of the payee in the inception of the notes. But in that view we are unable to concur, since a careful scrutiny of the answer fails to disclose any allegations of fact upon which to predicate the charge of fraud. Mere epithets and conclusions of fraud, without the statement of facts, constitute no basis for relief upon that ground. (*Tepoel v. Saunders County Nat. Bank*, 24 Neb., 815; *Kansas & C. P. R. Co. v. Fitzgerald*, 33 Neb., 137; *Thomas v. Thomas*, 33 Neb., 373.) The mere allegation is insufficient. Facts showing the fraud relied upon or from which it may be inferred must be stated. (*Leavenworth, L. & G. R. Co. v. Douglas County*, 18 Kan., 169; Kinkead, Code Pleading, sec. 607 *et seq.*)

Another rule recognized by this court is that fraud cannot be predicated upon a mere promise not performed, but in order to be available as a cause of action or defense it is essential that there be a false assertion with respect to existing matters. (*Perkins v. Lougee*, 6 Neb., 220.)

The most favorable construction of which the answer in this case is susceptible from the standpoint of the defendant below is that it charges a failure of consideration on account of the alleged neglect and refusal of the payee of the notes to render the promised medical service and attendance. The case is therefore governed by the rule recognized by this court in *Violet v. Rose*, 39 Neb., 660, and *Kelman v. Calhoun*, 43 Neb., 157, viz., that where the defense alleged in an action by an indorsee of a promissory note is the failure of consideration only, the burden is upon the defendant to overcome the presumption that such note was transferred before due, for value, in the usual course of business. The direction of the court appears to conflict with the authorities here cited. First, in submitting to the jury the question of fraud in the inception of the notes, and second, in imposing upon the plaintiff below the burden of proving that he was a *bona fide* holder thereof. The other assignments relate to rulings of the court during the trial and present questions of practice only, which, in view of the conclusion stated, do not require notice at this time. But for reasons above stated the judgment will be reversed and the cause remanded for trial *de novo*.

REVERSED.