SAMUEL M. CROSBY v. J. T. RITCHEY.

FILED OCTOBER 20, 1898. No. 10140.

1. **Note: ACTION BY INDORSEE: CONSIDERATION: BURDEN OF PROOF.**
   If the only defense alleged in an action on a promissory note by
   an indorsee thereof is a failure of consideration, the burden is
   upon the defendant to overcome the presumption that the note
   was transferred before due for value in the due course of busi-
   ness. (*Crosby v. Ritchey*, 47 Neb. 924; *Violet v. Rose*, 39 Neb. 660;
   *Kelman v. Calhoun*, 43 Neb. 157.)

2. **Instructions: CONFLICTING PARAGRAPHS.** If in a paragraph of the

charge of a court to a jury there is contained a misstatement of the law upon a material point of the issue, the error is not cured by a correct statement thereof in another or other paragraphs. (*Wasson v. Palmer*, 13 Neb. 376; *Fitzgerald v. Meyer*, 25 Neb. 77; *Ballard v. State*, 19 Neb. 609.)

3. ———: GENERAL STATEMENTS. If the statements of the charge to the jury upon a material point are but general, a requested explicit explanatory instruction which is entirely pertinent and applicable to the issues and evidence should be given.

ERROR from the district court of Cass county. Tried below before RAMSEY, J. *Reversed.*

*Beeson & Root*, for plaintiff in error.

*E. H. Wooley* and *Byron Clark, contra.*

HARRISON, C. J.

In this action the plaintiff declared upon two promissory notes executed and delivered to one A. T. McLaughlin, by whom they were sold and transferred to plaintiff. This is the second appearance of the case in this court. In the opinion rendered on its former hearing it was determined: "(1.) In pleading fraud it is necessary to set out the facts relied upon for relief. Mere epithets or conclusions of fraud, without any statement of the facts upon which such charge is predicated, are insufficient. (2.) Answer examined, and held to charge a failure of consideration only and not fraud in the inception of the notes sued upon. (3.) Where the only defense alleged in an action by the indorsee of a promissory note is the failure of consideration, the burden is upon the defendant to overcome the presumption that such note was transferred before due, for value, in the usual course of business." (*Crosby v. Ritchey*, 47 Neb. 924.) The cause was then remanded to the district court for further proceedings, and was there again tried on the issues that the plaintiff was not a *bona fide* purchaser of the notes, coupled with a failure of the consideration which had moved their execution and delivery. A portion of the

26

fourth paragraph of the charge of the court to the jury was as follows: "You are instructed that if you find from the evidence that plaintiff purchased the notes in controversy before maturity and without notice or knowledge of any defenses as between the maker of said notes and the original payee thereof and without any notice or knowledge of a failure of consideration, then your verdict should be for the plaintiff." To this the plaintiff excepted at the time it was given, and that it was of the instructions to the jury is of the assignments of error.

In the trial of the cause the defendant was allowed to open and close in the introduction of evidence, etc., for the reason that the burden was on him to maintain the issues presented. As we have seen, this was settled in the prior decision herein, and had there been no evidence introduced the plaintiff would have been entitled to a verdict and judgment because of the force and weight of the presumption of the law which would have prevailed that he was a good-faith purchaser; hence it was error for the court to refer the jury to the evidence for a basis for a verdict in favor of plaintiff and further tell that body that it must appear from the evidence that the plaintiff was a good-faith purchaser to warrant a finding in his favor. This wholly ignored the presumption to which he was entitled and required something necessarily elemental of a finding for him which was not requisite by law. It is true that there were other paragraphs of the charge in which were contained correct general statements of the rules of law applicable in this same connection, but there was thus produced a direct conflict or contradiction in the instructions which was calculated to confuse the jury and leave it at a loss as to which portion of the charge should be followed, and we cannot now determine with any degree of certainty which view did assume the most force. (11 Ency. Pl. & Pr. 145-148; *Wasson v. Palmer*, 13 Neb. 376; *School District of Chadron v. Foster*, 31 Neb. 501; *Fitzgerald v. Meyer*, 25 Neb. 77; *Ballard v. State*, 19 Neb. 619; *Richardson v.*

*Halstead,* 44 Neb. 606; *Carson v. Stevens,* 40 Neb. 112; *First Nat. Bank of Denver v. Lowrey,* 36 Neb. 290.)

The instructions given were general in statements, and there were several presented on behalf of the plaintiff and requested to be incorporated in the charge, some of which were with the purpose of placing before the jury definite and explicit information on the subjects relative to which there were in the charge as we have just stated but general declarations. These were refused and the action as to each has been assigned as error. One of such assignments is of the refusal to give an instruction numbered five, which was as follows: "The notes sued on in this case are negotiable instruments, the execution of which is admitted by the defendant. You are instructed that a holder of negotiable paper who takes it before maturity, for a valuable consideration, in the usual course of trade, without knowledge of facts which impeach its validity between antecedent parties, holds it by a good title. To defeat his recovery thereon, it is not sufficient to show that he took it under circumstances which ought to excite suspicion in the mind of a prudent man. To have that effect, it must be shown that he took the paper under circumstances showing bad faith or want of honesty on his part. The burden is on the defendant to establish, by a preponderance of evidence, that plaintiff is not a *bona fide* holder of the note sued on, as defined in this instruction." The matter of this instruction was entirely pertinent and applicable to the theory on which the case was tried and the issues as developed in the evidence and, as the point to which it was directed was not specifically covered in the instructions given, its refusal was error. Whether this alone would have been sufficient to call for a reversal of the judgment we need not determine, as such action must ensue by reason of the first error herein noticed.

We deem a discussion of other assignments of error unnecessary. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.