[No. 9,495. Department One. — July 18, 1884.]

## N. HARRISON, RESPONDENT, *v.* SPRING VALLEY HYDRAULIC GOLD COMPANY, APPELLANT.

INSTRUCTIONS — APPEAL. — On appeal a party will not be heard to object to an alleged error in an instruction given at his own request.

ID. — CONTRADICTORY INSTRUCTIONS. — A judgment in an action for damages will be reversed where an instruction states contradictory and irreconcilable rules for fixing the amount of damages.

APPEAL from a judgment of the Superior Court of the county of Butte, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*Reardan & Freer*, for Appellant.

*Burt & Hamilton, J. H. Budd*, and *F. C. Lusk*, for Respondent.

The COURT. — The action is for damages done to a growing crop of wheat and barley, by reason of the banks of a canal of defendant, carrying water charged with mining debris, giving way or breaking.

At the request of defendant the court below charged the jury: "The measure of damage is the difference between the value of the growing crop at the time of the injury, and its value

immediately afterwards, with interest." Whether this is or is not an accurate statement of the legal rule, it was given at the request of defendant, and it cannot object to it now.

Assuming the rule to be as stated by the court at the request of defendant, it was reasonable and just that the value of the crop at the time it was injured should be ascertained with reference to what would have been the value of the matured grain had the injury not been done, less certain expenses. As said by the court below, this was one mode of ascertaining the value at the time of the injury

2. There were averments in the complaint to the effect, and some evidence tending to prove, that defendant permitted more water to flow in the canal than it could safely carry. The charge in that regard was not erroneous.

3. As part of its general charge, the court instructed the jury :—

"You are instructed that the measure of damages in this case, if you find the plaintiff has been damaged by the negligence of the defendant, will be the difference between the value of the crop of wheat as it then stood, as part of the realty, at the time of the injury, and immediately succeeding its injury, with legal interest up to the rendition of the verdict. *In other words,* if you find a verdict for the plaintiff you will ascertain from the evidence what the crop of wheat was worth at the time it was *injured or* destroyed, if you find it was *injured or* destroyed, and give legal interest *on that amount* up to the time of rendering your verdict."

Defendant excepted to all of the last paragraph, commencing "in other words," and down to (and including) the word "verdict."

The portion of the instruction excepted to was stated by the court to be an equivalent of the first sentence. But an instruction that the verdict should be for the value of the crop at the time it was injured, with interest, is not substantially the same thing as an instruction that the verdict should be for the difference between the values immediately before and after the injury, with interest on that difference. The distinction between the first and last sentence of the instruction is radical — they are contradictory.

It is urged the charge is to be read as a whole, and it is not necessary that a distinct instruction, much less a separated sentence, shall include all the qualifications or limitations upon the general rule laid down in it which the law requires, provided it appears the jury were given such qualifications or limitations elsewhere. But the cases cited in support of this proposition do not apply to the present case. Here two separate and irreconcilable rules for the conduct of the jury in fixing an amount of damages were given by the court. The contradictory rules were not harmonized by the declaration of the court that the one meant the same thing as the other.

Judgment and order reversed and cause remanded for a new trial.

Hearing in Bank denied.