## MONROE v. COOPER.

### No. 8692; March 19, 1885.

#### 6 Pac. 378.

**Appeal.—Where There are Conflicting Instructions** on material issues in a case, the judgment will be reversed.

APPEAL from the Superior Court of the County of Monterey.

W. H. Webb and Jas. A. Wall for appellant; S. F. Geil and H. V. Morehouse for respondent.

ROSS, J.—Among other matters the defendant sets up in his answer that the plaintiff took his sheep under a contract of agistment, and that, by reason of negligence on plaintiff's part, a large number of the sheep perished, to defendant's damage, etc.

The fifth instruction given by the court below to the jury as follows: "If you should find from the evidence that plaintiff took and kept the defendant's sheep to supervise, care for, and pasture, for a compensation to be paid by defendant, the plaintiff thereby became and was the bailee of said sheep for defendant, and the law imposed on plaintiff the duty of properly supervising, caring for, and pasturing said sheep; and if any loss, damage, or injury occurred to said sheep while in the possession of plaintiff, the burden of proof is cast upon him to account for and to prove that such loss, damage, or injury was not owing to his negligence or want of care; otherwise he is liable to defendant for such loss, damage, or injury, and you should so find."

In the tenth instruction the court said: "I instruct you that the burden of proof to establish negligence is upon the party charging it (who was the defendant). It is not enough for him to prove that he has suffered loss by some event which happened, or by the act or omissions of the party charged; he must also prove that the party charged with negligence violated a duty resting upon him. He must prove facts from which it can be fairly inferred that the party's negligence caused the injury complained of. He is not bound to prove more than enough to raise a fair presumption of negligence on the part of the party charged, and resulting in injury to himself. Having done this he is entitled to recover, unless the party produced evidence sufficient to rebut the presumption."

The instructions quoted are in direct conflict upon an important question in the case, for which reason the judgment and order must be reversed and the cause remanded for a new trial. In the one, the jury was told that the burden of proof was upon the plaintiff to account for the loss of the sheep; in the other, that the burden was upon the defendant to show that the loss occurred through the negligence of the plaintiff.

Judgment and order reversed, and cause remanded for a new trial.

We concur: McKinstry, J.; McKee, J.