SULLIVAN, J.
This action was brought to recover damages for the death of the infant son of the respondent. The complaint alleges the corporate existence of the appellant; its ownership and possession of certain town lots in the city of Lewiston, Nez Perces county; that while said infant son was traveling and passing upon a certain street and sidewalk, and upon said lot or premises, without any negligence, carelessness or fault on his part, he fell into a certain well situated upon said premises, and was instantly killed; that said well had been left open through the negligence, carelessness, imprudence, misconduct and wrongdoing of the appellant — and demanded damages in the sum of $100 for funeral expenses, and for the further sum of $10,000 damages sustained by reason of the death of said child. The answer admits the ownership of the lot on which said well was situated, and denies possession, and other material allegations of the complaint. The cause was tried by the court, with a jury, and a verdict and judgment given and entered for the respondent for the sum of $5,000 and costs. Thereafter, a motion for a new trial was interposed by appellant, and overruled by the court. This appeal is from the judgment. The first error assigned is, in substance, that the complaint fails to state a cause of action. After a careful consideration of the allegations of the complaint, we are of the opinion that they state a cause of action, especially when construed as commanded by section 4207 of the Eevised Statutes of 1887. Said section directs the allegations of the pleadings to be liberally construed, with a view to substantial jus *708 tice between the parties. The complaint, in some respects, is indefinite and ambiguous, but on the whole, we think, states a cause of action.
The second error assigned is that the court erred in refusing to instruct the jury that the evidence was not sufficient to sustain a verdict for the plaintiff. Section 4807 of the Revised Statutes of 1887 provides, among other things, that “an exception to the decision or verdict on the ground that it is not sustained by the evidence cannot be reviewed on an appeal from the judgment unless the appeal is taken within sixty days after the rendition of the judgment.” The judgment was rendered on the twenty-eighth day of November, 1892, and the appeal was not taken until the twenty-seventh day of May, 1893. It will be observed that the appeal was not taken within sixty days after the rendition of the judgment, and for that reason the exception that the verdict is not supported by the evidence cannot be reviewed on this appeal. (Hayne on New Trial and Appeal, see. 186.)
. The third error assigned is that the court erred in refusing to give the following instruction: “The jury are instructed tii at if they should find that the defendant is liable in damages for the death of said child, Samuel C. Holt, then, under the law and evidence in this case, the plaintiff will only be entitled to recover the amount that he expended for the burial of said child, as shown by the evidence, together with nominal damages for the loss of said child.” This instruction is clearly erroneous, and was properly refused.
The fourth error assigned is the court erred in refusing to give the following charge to the jury: “In this case the plaintiff, in his complaint, alleges that the well in question was situated within a very short distance, of a street called ‘A street/ in the town of Lewiston; that said A street was then and there, and had been for a long time prior to the twenty-ninth day of April, 1891, a common public street or highway for all persons to go and return in and upon, travel, walk, pass and repass on foot, in and upon and in and by, with coaches, wagons and other vehicles, at their free will and pleasure, unmolested, and in no wise subjected to risk or hazard, *709 and that by reason of the removal of all the fences and inclosures, buildings and other improvements from the lot on which the well was situated, and the boxing, inclosure, and curbing from, around, and off said well, left the said well open and exposed, and said lot open and uninelosed, as a part of the public common, by reason whereof the said public street or highway, with the sidewalks thereon, and the said lot adjacent and fronting on said street and sidewalks, were then and there extremely dangerous and hazardous for all persons to go and return, travel, walk, pass and repass in and upon, and subjected persons so traveling, walking, going, playing, returning, passing and repassing in and upon the said public highway, and the sidewalks thereof, to great and unnecessary dangers and risks; and that while the said infant, Samuel C. Holt, was then and there traveling, walking, going, playing, returning, passing and repassing in and upon the said public street or highway and the sidewalks thereof, adjacent to said premises, and upon the lot and premises of the defendant, on foot, without any negligence, carelessness or fault on his part, fell into said well, and was instantly killed. These allegations are all specifically denied by defendant in its answer. Now, I instruct you that under these allegations, and the denials thereof, it is incumbent upon the plaintiff to establish by a preponderance of evidence that said A street was a public traveled street or thoroughfare, where people were in the habit of traveling, passing, and repassing, and that the well in question was so near to said public street, or the sidewalks thereon, that persons lawfully traveling thereon would be liable to fall into the well. And I further instruct you that if you find from the evidence that said A street was not at the time of the accident complained of, and had not been for a long time prior thereto, a common public street or highway for all persons to go and return in and upon, travel, walk, pass and repass on, as alleged in the complaint, but had been washed away and abandoned, and was not fit for or used for travel, and that said street had no sidewalks, and that said well was distant from said street sixty or seventy feet, and that no person traveling upon said street could have fallen into the well, then the plaintiff cannot *710 recover against the defendant in this action, and your verdict must be for the defendant.” Which instruction the court gave to the jury, but modified the same by adding thereto, and giving as a modification thereof, the following, to wit: “But if the jury shall find that the well mentioned in the complaint was left open and exposed, and the lot and premises open, as mentioned in the complaint, and in the possession and under the control of the defendant, at the time of the death of plaintiff’s infant son, then, in case the jury find for the plaintiff, they shall give him such sum as they think he is entitled to.” There was no error in the refusal of said instruction before modification. The quotation from the complaint therein contains much surplusage, and is indefinite in its allegation as to whether the child fell from said A street, the sidewalk, or from said town lot, into said well; and to instruct the jury that, if they found that said A street and sidewalk were sixty or seventy feet distant from said well, plaintiff could not recover, would take from their consideration whether, if the child had fallen into said well from said town lot, the plaintiff could recover. We can readily suppose a case in which, if the child fell from said town lot into said well, the owner in possession might possibly be liable in damages; but, whether liable under all the circumstances of this case, we are not called upon to say. The question then arises whether the giving of said instruction, as modified, was error. By the modification the court instructed the jury, if they found for the plaintiff, they might give hi-m “such sum as they think he is entitled to.” This leaves the jury without limit in their estimation of damages. They are not even confined to the amount demanded by the complaint. It gives the jury an arbitrary discretion to give such damages as caprice, whim, or passion might dictate, regardless of the amount claimed by the complaint, or shown by the evidence. It relieves the jury of every restriction, and authorizes them to give such sum as they “think” plaintiff entitled to, whether, under all the circumstances of the ease, it be just or not, and turns them loose, without chart or guide, to grant such damages as they may think the pecuniary necessities of the plaintiff might seem to need, regardless of the evidence in the case. It is *711 inconsistent with all rules governing juries in making up tbeir verdicts that they should do so to any extent they may think, without regard to proof.
In this connection, we will dispose of the ninth error assigned, which is as follows: “You are instructed that, if your verdict shall be for the plaintiff, such damages may be given by you-to the plaintiff as, under the circumstances of the case, may be just; and, in determining the amount, you have the right to take in consideration the pecuniary loss, if any, suffered by this plaintiff in the death of Samuel C. Holt by being subjected to burial and funeral expenses, and by being deprived of his support, and also the relation proved as existing between plaintiff and deceased, and the injury, if any, sustained by plaintiff in the loss of said deceased child’s society.” This instruction was given to the jury prior to the one last above considered, and that part of it which directs the- jury that, in case they find for the plaintiff, such damages might be given, “as, under the circumstances of the case, may be just,” ■substantially follows section 4100 of the Revised Statutes of 1887. The expression, “as, under all the circumstances of the ease,” as used in said section, means the “circumstances of the ■case” that are properly shown to the jury by the evidence under the pleadings, and the jury should have been so instructed. Said section does not turn the jury loose, without restriction, und permit them to assess damages on their own ideas and notions of what the “circumstances of the case” áre, regardless of the pleadings and proof. It does not set at naught the rules of evidence applicable to the production or introduction of testimony on the trial of the case, and authorize the jury to assess ■damages from all the circumstances of the ease that they or -any of them may have read or heard outside of the jury-box, as well as those shown by irrelevant testimony within the jury-box. Said section permits the jury to consider only the circumstances that are produced and shown on the trial of the •case by relevant testimony under the pleadings, and none other. Plaintiff was permitted to testify in this case that he was a very poor man; that he had no property; and will it be contended that his poverty was a circumstance of this case that *712 could have been considered by the jury in their estimation of damages? We think not. We refer to this to emphasize the fact that the expression, “all the circumstances of the case,” does not mean that irrelevant circumstances, and circumstances not properly presented to the jury, should be considered by them in awarding damages. It means only relevant circumstances that are properly presented to the jury by the evidence under the pleadings. Their estimate must be based upon facts and circumstances properly in evidence, and they should be properly instructed as to the principles of law applicable to the “facts,” or, in other words, “the circumstances of the case” shown by the evidence. In this class of cases, certain elements based upon proof may be taken into consideration; yet, without proof, the jury should not consider them. (2 Thompson on Negligence, 1290.) The instruction under consideration is substantially the same, in effect, as one considered in Beeson v. Mining Co., 57 Cal. 20. That was an action brought by the widow for damages for the death of her husband; and the court held, under section 377 of the Code of Civil Procedure of California, which is identical with section 4100 of the Revised Statutes of Idaho, that it was not error to instruct the jury that, among other things, in awarding damages, they might take into consideration “the relation proved as existing between plaintiff and deceased at the time of his death, and the injury, if any, sustained by her in the loss of his society.” This clause of said instruction was based upon certain evidence in regard to the character of the social relation existing between the plaintiff and her deceased husband. The evidence showed that the social relations were always pleasant; that the kindest social relations existed. Based upon this evidence, the trial court instructed the jury as above indicated, which instruction was sustained on appeal. The court in that case say: “It is true that in one sense the value of social relations and of society cannot be measured by a pecuniary standard; and possibly the legislature, in enacting section 377 of the Code of Civil Procedure, may not have intended to give relief in that sense, especially as the words 'pecuniary or exemplary/ which were formerly in the section, were omitted in the amendment of 1873- *713 74; but, in another sense, it might be, not only possible, but eminently fitting, that a loss from severing the social relations, or from deprivation of society, might be measured, or at least considered from a pecuniary standpoint,” and that “the loss of a kind husband may be a considerable pecuniary loss to a wife. She loses his advice and assistance in matters oí domestic economy.” The evidence in that case established the kind social relations that existed between the plaintiff and deceased, and the court held, because of the severance of those relations, the wife might suffer considerable pecuniary loss, and for that reason it was a circumstance which the jury might properly consider in making up their verdict, while in the case at bar there was no attempt at proof of the social relationship existing between plaintiff and his two and one-half year old child; and, if such proof were possible, it would certainly not be contended that a child of such tender age could give advice and assistance to its parents in any matter whatever. However, be that as it may, there is no claim for damages made by the plaintiff, in his complaint, for loss of society, nor is there any proof of circumstances that would warrant the jury in considering that element in estimating the amount of the verdict. It will be observed that the court gave inconsistent or contradictory instructions as to the measure of damages. The first was that, if the jury found for plaintiff, such damages should be given “as, under all the circumstances of the ease, may be just.” The second was that, if they found for the plaintiff, “they shall give him such sum as they think him entitled to.” In the first the jury were confined to all the circumstances of the ease as the only elements to be considered in reaching the amount of flam, ages, while in the second they were not confined to any circumstances or evidence, but were authorized to give such sum as they “think plaintiff entitled to,” entirely regardless of the circumstances of the case. Where instructions are inconsistent or contradictory, the judgment will be reversed. (Monroe v. Cooper (Cal.), 6 Pac. 378; Sappenfield v. Railroad Co., 91 Cal. 48, 27 Pac. 590; McKelvey v. Railway Co., 35 W. Va. 500. 14 S. E. 261; Harrison v. Spring Valley etc. Co., 65 Cal. 376. 4 Pac. 381.) It is held in numerous cases that an erroneous *714 instruction is not cured by a correct one subsequently given on the same subject, unless the latter specifically withdraws the erroneous one. (Wasson v. Palmer, 13 Neb. 376, 14 N. W. 171; Fitzgerald v. Meyer, 25 Neb. 77, 41 N. W. 123; Baxter v. Waite, 2 Wash Ter. 228, 6 Pac. 429.) In the case at bar the ■erroneous instruction was the last given.
The fourth error assigned is the court’s refusal to give the following instructions: “The jury are instructed that, in an action by a parent for the death of his minor child, the measure of damages, if, under the evidence in said action, he is entitled to damages, is the value of the child’s services until he becomes of age, less the expenses of his support during that time.” There was no error in the refusal of said instruction.
The sixth error assigned is that the court erred in giving the following instruction: “Yon are instructed that in determining the question of negligence, in this case, you should take into ■consideration the situation and conduct of both parties at the time of the alleged death of plaintiff’s infant child, as disclosed by the evidence; and if you believe from the evidence that the death of plaintiff’s infant son was caused by the negligence of the defendant’s servants or employees, as charged in plaintiff’s complaint, and without any greater want of care on the part of the plaintiff than was reasonably to be expected from a person of ordinary care and prudence in looking after and caring for his own infant son, then the plaintiff is entitled to recover.” We think this instruction fairly states the law, and there was no error in giving it.
The seventh error assigned goes to the following instruction: “And, although you may find from the evidence that the parents of said child were imprudent or careless in this respect, yet if you find that the servants and employees of the defendant in charge of said railroad ground were in a situation to see and recognize the fact that leaving the well open and exposed, if so, was unsafe and dangerous, and could have prevented the injury resulting in the death of said child, then the plaintiff is- entitled to recover.” Under the evidence in this ease, as shown by the record, this instruction should not have been given.
The eighth error assigned is that the court erred in giving the following instruction: “I instruct you that under the law in this *715 state a father may maintain an action for the injury or death of his minor child, and in such action such damages may be given as, under all the circumstances of the case, may seem just.” The instruction contains the law, and there was no error in giving it. The latter part of this instruction has been above commented upon, under the ninth error assigned. The circumstances of the case are those relevant circumstances disclosed by the evidence, and the jury should have been so instructed.
The tenth error assigned is that the court erred in overruling defendant’s objection to the following testimony, to wit: ^Q. State, if you know, who took possession of the lot and premises after she left it. A. My understanding is that the railroad company has taken possession.” Plaintiff was attempting to prove possession. The question was certainly a proper one, but the answer is not responsive, and does not state that the railroad company took possession after “she left it”; that is, immediately after, or even prior to the death of the child. We do not think there was prejudicial error in admitting said answer, considering the evidence adduced on the trial by the defendant.
The eleventh error assigned is that the court erred in permitting Samuel H. Holt to testify to the relation held by Van Arsdel to the defendant. We do not think this error. If it was error, it was cured by the testimony of Van Arsdel afterward given.
The twelfth error assigned is that the court erred in refusing to strike out the alleged proof of declarations and conversations between Van Arsdel and witness Holt. Said declarations and ■conversations are not particularly pointed out by this exception, nor in appellant’s brief, and for that reason cannot be considered.
The objection that the court erred in refusing to sustain the motion for a nonsuit at the close of plaintiff’s testimony, because the same did not present a proper case for the jury, we cannot consider, for the reason that this appeal was not taken within sixty days after the rendition of the judgment. The authorities cited under the first error assigned are applicable to this exception.
*716 The fourteenth and fifteenth errors assigned go to the cross-examination of appellant’s witness Yan Arsdel, asking his interpretation of the contracts put in evidence. This was error,, and should not have been permitted.
• The sixteenth, seventeenth, and eighteenth errors assigned are treated together by counsel for appellant, and relate to the-alleged errors of the court in permitting Holt to testify to the-declarations of Yan Arsdel, agent of appellant, made after the-accident, and also to the filling of the well after the aecidentOn cross-examination, Mr. Worden, a witness for the defendant, testified that Mr. Fontleroy employed him to fill the well after-the accident occurred, and that he filled it. Counsel for appellant objected to this evidence as incompetent. Thereupon, the court asked the following question: “Court: How long was it after the accident ? A. I could not tell exactly the date, but it was some time after. Q. How long was it after the child fell into the well before Fontleroy employed you to fill it up? (Counsel for defendant objects to this as incompetent. Objection overruled, and exception allowed.) A. Well, it was some time— I could not tell exactly. It was after the child was drowned. Could not state whether it was-one or two weeks.” It is true that the court stated that the evidence of Worden in regard to filling the well after the death of the child was let in to show possession of lot in appellant, but failed to instruct the jury to consider it for any other purpose; and it would appear to us quite difficult to prove possession of the lot at the date of the accident by proving that the well was filled some two weeks thereafter by the orders of appellant’s servant. Precautionary measures for the future, such as making machinery more safe where an accident has happened, or placing safeguards about a place where a person has been injured, cannot be considered as showing negligence in the past, and it is error to admit evidence showing such facts. (Missouri Pac. Ry. Co. v. Hennessey, 75 Tex. 155,12 S. W. 608; Terre Haute etc. R. R. Co. v. Clem, 123 Ind. 15, 18 Am. St. Rep. 303, 23 N. E. 966; Sappenfield v. Railroad Co., 91 Cal. 48, 27 Pac. 590; Alcorn v. Railroad Co., 108 Mo. 81, 18 S. W. 188; Railroad Co. v. Hawthorne, 144 U. S. 207, 12 Sup. Ct. Rep. 591; Harvey v. Mining Co., ante, p. 510, 31 Pac. 819.)
*717 Holt, as a witness on Ms own behalf, as to a conversation had with Yan Arsdel, who the witness had testified was the “chief of construction” for appellant, was asked the following question by his counsel. “Q. Go on, and state where it was, and when. A. I could not state when it was. It was during court here last spring. It was about the time this trial was to be called. After the accident I met Mr. Yan Arsdel in the Baymond House. (Counsel for defendant objected to the giving of the conversation, for the reason that any conversation or declaration by the agent of a party, made after the happening of an accident, is incompetent, and cannot bind the principal.)” The objection was overruled, and duly excepted to, and the witness answered as follows: “Well, as I said, I met Mr. Yan Arsdel in the Baymond House the evening I came. We shook hands, and talked a while. He said he was awful sorry about my losing my boy. I spoke up, and says: ‘That well should never have been left there uncovered/ He says: ‘I would have had them wells filled up, but we were going right to work to build the foundation for the depot grounds, and we would have had to dig another well. We needed that for water/ ” The witness further testified that this conversation took place after the commencement of tMs suit. Counsel for appellant thereupon moved to strike out all of the above testimony, and the motion was overruled, and an exception duly taken. This evidence might be construed by the jury as an .admission on the part of the company of its negligence in not having filléd the well before the death of the infant. Admissions of an agent after an accident has happened cannot be adinitted to show the negligence of the principal. (Beasley v. Packing Co., 92 Cal. 388, 28 Pac. 485; Packett Co. v. Clough, 20 Wall. 528; Black’s Proof and Pleading in Accident Cases, sec. 28.)
The last instruction, as to the amount of damages the jury might award, and also the one defining the elements which the jury might consider in estimating damages, were clearly erroneous, as well as the admission and declaration of Yan Arsdel made after the death of the cMld; also, the evidence of the well having been filled thereafter — all of which we cannot say, from the record, did not. operate to the prejudice of the appellant. If error is shown, it is presumed to have worked injury to the *718 party against whom it was committed, unless it affirmatively appears from the record that no injury did or could result. (Rice v. Heath, 39 Cal. 609; Cleary v. Railroad Co., 76 Cal. 240, 18 Pac. 269.) The judgment is reversed, and the cause remanded to the court below for new trial, with costs in favor of the appellant.
Huston, C. J., and Morgan, J., concur.