(April 6, 1895.)

## HOLT v. SPOKANE AND PALOUSE RAILWAY CO.

[40 Pac. 56.]

Death of Minor Child—Negligence—Contributory Negligence.—
Where damage is claimed for death of minor child by reason of the negligence and carelessness of defendant, it must affirmatively appear from the evidence that the accident resulted from the negligence and carelessness of the defendant and that the imprudence or negligence of the plaintiff did not contribute to the result.

Insufficiency of Evidence—Case may be Taken from Jury.—When the evidence clearly shows that plaintiff has not made his case

the case may be taken from the jury or the jury may be in-structed to bring in a verdict in favor of the defendant.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

Ashton & Chapman and John R. McBride, for Appellant.

What is actionable negligence? We answer that negligence consists of an omission to perform a duty which the party guilty of the omission is bound to perform toward the one injured, or it consists in the doing of some act to the injury of some other which a reasonably prudent man would not do. Definitions of negligence vary in their terms, but this is the substance of all, which is accepted in the books and by the courts. (Bailey on Injuries, 406; *Nicholson v. Erie Ry. Co.,* 41 N. Y. 525.) Does the law require that a man consult the public as to how he shall improve his own property? . (*Houn-sell v. Smyth,* 7 Com. B., N. S., 732, 97 Eng. Com. L. 729.) There is not from the beginning to the end, in the testimony of this case, a word of evidence going to show the circum-stances under which the accident happened. (*Layman v. City of Brooklyn,* 29 Barb. 234.) To entitle the plaintiff to recover, it must appear affirmatively that the accident resulted wholly from the negligence of the defendant, and that the negligence and imprudence of the plaintiff did not contribute to the result. (*Payne v. Forty-second St. etc. R. R. Co.,* 40 N. Y. Super. Ct. 8; *Stager v. Ridge Ave. Pass. Ry. Co.,* 119 Pa. St. 70, 12 Atl. 821; *Sorenson v. Manesha Paper and Pulp Co.,* 46 Wis. 338, 14 N. W. 446; *Trapnell v. Red Oak Junction,* 76 Iowa, 744, 39 N. W. 884.)

James W. Reid, for Respondent.

The rule in these cases rests upon the general principle that the defendant owes to the whole community the duty of ab-staining from the necessary doing of anything, upon his own ground or with his own property, which shall put others in peril. (Buswell's Law of Personal Injuries, secs. 74-76, p. 98; *Sioux City etc. R. R. Co. v. Stout,* 17 Wall. 665; *Hayes*

v. Michigan Cent. R. R. Co., 111 U. S. 242, 4 Sup. Ct. Rep. 369; Randall v. Baltimore etc. R. R. Co., 109 U. S. 478, 3 Sup. Ct. Rep. 322; Evensich v. G. C. & S. F. Ry. Co., 57 Tex. 126, 44 Am. Rep. 586; Keefe v. Milwaukee etc. Ry. Co., 21 Minn. 207, 18 Am. Rep. 393; Kansas Cent. R. R. Co. v. Fitzsimmons, 22 Kan. 686, 31 Am. Rep. 203, and notes; Nagel v. Missouri Pac. R. Co., 75 Mo. 653, 42 Am. Rep. 418; Beck v. Carter, 68 N. Y. 83.)   The appellant should have erected and maintained a fence or other suitable works to protect persons from danger on the public park that it had opened.   The omission to do so was gross negligence.   (Shearman and Redfield on Negligence, secs. 13, 14; Thompson on Negligence, sec. 1232; Addison on Torts, 49; Cooley on Torts, 647; Sedgwick on Damages, 563; State v. Railroad Co., 52 N. H. 528; St. Louis etc. R. R. Co. v. Terhume, 50 Ill. 151, 99 Am. Dec. 504; Marcott v. Marquette etc. R. R. Co., 49 Mich. 99, 13 N. W. 374; Mason v. Shawneetown, 77 Ill. 533.)   If there be a conflict of evidence as to the facts, then the question is for the jury to decide.   (1 Rorer on Railroads, 476; Delancy v. Milwaukee & St. Paul Ry. Co., 33 Wis. 67; Chamberlain v. Woodin, 2 Idaho, 642, 23 Pac. 177.)

SULLIVAN, J.—This case was before this court at its November term, 1893, and the decision is reported in 3 Idaho, 703, 35 Pac. 39.   The cause was remanded for a new trial, and a new trial was had upon the issues made by the original complaint and answer, before a jury, and a verdict found in favor of the respondent for the sum of $2,620, for which sum a judgment was entered.   Thereafter a motion for a new trial was made and denied.   This appeal is from the judgment and the order overruling the motion for a new trial.   The appellant assigns nineteen errors alleged to have been committed in the trial of the cause.

It is insisted that the complaint does not state a cause of action.   This question was passed upon in the former opinion of this court (3 Idaho, 703, 35 Pac. 39), and the court there held that the complaint stated a cause of action.   It would seem to us that that decision settled the question, so far as that com-

plaint was concerned; but, as this question is urged with so
much zeal, we have again carefully considered it, and are fully
convinced that our former decision upon that point was correct.

The first error assigned is the insufficiency of the evidence
to justify the verdict. The evidence shows that the well in
which the plaintiff's child was drowned was upon the private
grounds of the defendant, and remote from any street or side-
walk, and that at the time of the accident the child was not
traveling on any public street or sidewalk, but was upon the
private land of defendant, without the knowledge, invitation, or
consent of defendant. Nor is it shown that the defendant had
any machinery or other improvements upon said lot, what-
ever, that would attract children there. The evidence shows
that the defendant company purchased the lot upon which
the well was situated with the intention of using it, with other
lots, for depot grounds; that the roadbed was graded along the
northerly side of said lot, along the southerly bank of the
Clear Water river. Thereafter, about February, 1891, work
was stopped. The contractors quit work and nothing further
has been done toward the completion of said road. No depot
was erected, and the lots purchased for its site remained the
same as when the former owners left them, after removing their
improvements therefrom. The defendant did not occupy said
lots for any purpose whatever. The evidence also shows that,
when the person from whom the defendant company purchased
the lot on which said well was situated removed her improve-
ments therefrom, she put a table top over the mouth of said
well. It is also shown that said well was covered many times,
by divers persons, with planks spiked down, and with boards
covered with cord wood; that campers or others would re-
move the covering, and leave the well open. It is shown that
the well was covered as late as the fifteenth day of April, 1891,
with boards, with a stick of timber across them. The mouth
of the well was entirely covered. The evidence shows that the
well was properly covered, and was afterward uncovered by
strangers, without the knowledge or consent of the defendant.
The evidence further shows that it is about thirteen hundred

feet from the premises where the plaintiff resided to the well in question; and for a parent to permit his two and one-half year old child to stray away from home that distance shows that the parent was very careless, to say the least. We are fully satisfied from the evidence that the defendant company exercised due care in keeping said well covered. If the rule contended for by respondent prevailed, the defendant would be liable for damages if a child climbed one of the trees growing on said lot, and fell therefrom, and was injured or killed. The tree in the case should be considered as something attractive to children, and the owner must cut it down, or so protect it that a child could not reach it to climb it, or be liable in damages. There is nothing in the evidence showing how the child came to fall in the well. It does not show whether it was thrown in, or accidentally fell in. It appears that a playmate was with the child, and the evidence does not show but that the child was carelessly pushed into the well. This question is left wholly to speculation, inference, or conjecture. In *Sherman v. Lumber Co.*, 77 Wis. 22, 45 N. W. 1079, the court says: "Every party to an action at law has a right to insist upon a verdict or finding based upon the law and the evidence in the case, and not, in the absence of the evidence, upon mere inference, conjecture, or personal experience." In *Lehman v. City of Brooklyn*, 29 Barb. 234—which is a case where a child was found drowned in a well, the cover of which had been left open, and it was admitted to have been negligence to leave the well open, it being situated in a public street—the court says: "To entitle plaintiff to recover, it must appear affirmatively that the accident resulted wholly from the negligence of the defendant, and that the negligence or imprudence of the plaintiff did not contribute to the result." If that rule be applied to the case at bar, the plaintiff has totally failed to make his case. He has failed to show negligence on the part of the defendant, and has failed to show that negligence on his part did not contribute to the death of the child.

The ninth error assigned is that the court erred in refusing to give to the jury the following instruction requested by de-

fendant at the time both parties rested the case, to wit, "You are instructed that there is not sufficient evidence in this case to justify a verdict for the plaintiff, and you will therefore return a verdict for defendant." This instruction should have been given, and it was prejudicial error to refuse it.

In our view of the case, it is not necessary for us to pass upon all the errors assigned. The evidence clearly shows that the plaintiff is not entitled to recover. The judgment is reversed, and the court below is ordered to enter judgment in favor of the defendant.

Morgan, C. J., and Huston, J., concur.