(November 20, 1900.)

## HANER v. NORTHERN PACIFIC RAILWAY COMPANY.
### [62 Pac. 1028.]

ALLEGATIONS.—Where the complaint alleges negligence only in the running, managing and operating a locomotive and train of cars, the right of recovery is limited to the negligence alleged. As the well-settled rule is, the evidence must be confined to the issues made by the pleadings.

EVIDENCE—PEREMPTORY INSTRUCTION.—Where there is no evidence to establish the material issues of the complaint, the court on motion of the defendant ought to instruct the jury to return a verdict for the defendant.

SAME—FACTS NOT IN ISSUE.—Evidence ought not to be admitted of facts not put in issue by the pleadings.

CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.—Under the rule laid down in *Minty v. Union Pac. Ry. Co.*, 21 Pac. 660, 2 Idaho, 471, *Rumple v. Oregon Short Line Co.*, 4 Idaho, 13, 35 Pac. 702, and *Spokane etc. Ry. Co. v. Holt*, 4 Idaho, 443, 40 Pac. 56, it was error for the court to instruct the jury that the burden of proof was upon the defendant to establish contributory negligence on the part of plaintiff, as the plaintiff must allege and prove that the damage occurred without contributory negligence on his part.

INSTRUCTIONS.—When no interest is demanded in the complaint it is error to instruct the jury to return a verdict for interest.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James E. Babb, Stephens & Bunn, and Ellis T. White, for Appellant.

The complaint having charged negligence only in running, managing and operating locomotive, train and cars, the right of recovery must be limited to such negligence. Under such a complaint recovery cannot be had for a loss occurring by reason of failing to fence (and there is no evidence in this case of failure to fence) a railroad track under the statutory obligation created by section 2679 of the Revised Statutes of Idaho. (*Lainiger v. Kansas City etc. R. Co.*, 41 Mo. App. 165; *Young v. Kansas City etc. R. Co.*, 39 Mo. App. 52; *Fraysher v. Mississippi River etc. R. Co.*, 66 Mo. App. 573; *Aubuchon v. St. Louis etc. R. Co.*, 52 Mo. App. 522; *Goodwin v. Chicago etc. R. Co.*, 75 Mo. 73; *Dryden v. Smith*, 79 Mo. 525; *Scheider v. Missouri Pac. R. Co.*, 75 Mo. 295; *Toledo etc. R. Co. v. Reed*, 23 Ind. 101, following *Indianapolis etc. R. Co. v. Clark*, 21 Ind. 150; *Gulf etc. R. Co. v. Washington*, 49 Fed. 347; *Pittsburgh etc. R. Co. v. Stuart*, 71 Ind. 500; *Dickey v. Northern Pac. R. Co.*, 19 Wash. 350, 53 Pac. 347; *Kansas Pac. R. Co. v. Taylor*, 17 Kan. 566; *Patrie v. Oregon Short Line R. Co.*, 6 Idaho, 448, 56 Pac. 82.) That complaint must also negative exceptions in the statute. (*Louisville etc. R. Co. v. Belchor*, 89 Ky. 193, 12 S. W. 195; *Ohio etc. R. Co. v. Brown*, 23 Ill 94.) It was error for the court to instruct that the burden of proof was upon the defendant to establish contributory negligence of the plaintiff. (*Spokane etc. Ry. Co. v. Holt*, 4 Idaho, 443, 40 Pac. 56; *Rumpel v. Oregon Short Line etc. Ry. Co.*, 4 Idaho, 13, 35 Pac. 702; *Minty v. Union Pac. Ry. Co.*, 2 Idaho, 471, 21 Pac. 663.) The servant seeking recovery for an injury takes the burden upon himself of establishing negligence on the part of the master and due care on his own part. (See, also, *Bergert v. Davenport City R. Co.*, 34 Iowa, 571; *Waldron v. Portland etc. R. Co.*, 35 Me. 422; *Eames v. Boston etc. R. Co.*, 14 Allen (Mass.), 151; *Greenleaf v. Illinois Cent. R. R. Co.*, 29 Iowa, 14; 4 Am. Rep. 192; *Hinchley v. Cape Cod R. Co.*, 120 Mass. 257; *Walsh v. Oregon R. Co.*, 10 Or. 250.) The undisputed evidence shows that the plaintiff turned her cow out to run at large on the highways and elsewhere without protection and in the proximity to the railroad and trains of the defendant. This constitutes contributory negligence on the part of the

plaintiff.   (*Robinson v. Flint etc. R. Co,,* 79 Mich. 323, 19 Am. St. Rep. 174, 44 N. W. 779;*Dickey v. Northern Pac. Ry. Co.,* 19 Wash. 350, 53 Pac. 347; *Bunnell v. Railway Co.,* 13 Utah, 314, 44 Pac. 927; *Schneekloth v. Chicago etc. Ry. Co.,* 108 Mich. 1, 65 N. W. 663.)

Thomas Mullen, for Respondent, files no brief.

SULLIVAN, J.—This suit was brought to recover the value of a Jersey cow alleged to have been killed by the appellant because of the negligence and careless running of a locomotive and train of cars. The complaint alleges that said cow casually and without the fault of plaintiff strayed in and upon the track and grounds occupied by the railroad of defendant, about two miles east of the city of Lewiston, upon what is known as the "Delsol Land." The complaint further alleges as the ground of the liability of the defendant that defendant, "not regarding its duty, so negligently and carelessly ran, managed, and operated its said locomotives, trains, and cars that the same ran against and over the said cow and killed the same." The amended answer of defendant puts in issue the allegations of the complaint. The case was tried by the court with a jury, and verdict and judgment was entered in favor of the plaintiff. This appeal is from the judgment, and was taken within sixty days after the entry thereof.

The evidence of the plaintiff shows the ownership and value of the cow; that on the morning of the 30th of September, 1898, the cow left home before she had been milked. Children were sent to find her, and found her lying near the railroad track, in a badly bruised and helpless condition. The only eye-witness to the striking of the cow by appellant's locomotive, who testified in the case, was George A. King, the fireman on said locomotive. None of plaintiff's witnesses saw the accident, and they knew nothing of it, except that the animal was found in a helpless condition near the railroad track. The testimony of said King, which was uncontradicted or unimpeached, is to the effect that the train of cars referred to consisted of twenty-one cars, and that the train was running at a

speed of about twenty-five miles an hour when the cow was first seen; that she came upon the track from the south side, from behind a line of trees and brush; that it was impossible to see her before she came out from behind the brush; that she came running out from behind the brush, and very suddenly ran upon the track; that the train was within three hundred feet of her at the time it was first possible to see her. It is shown that the track was substantially straight for some distance in the direction from which the train was coming, before reaching the point where the cow was struck, and that the trees and brush stood so close to the track as to preclude possibility of seeing the cow until she ran out from behind them and rushed upon the track. The rules of the company permitted said train to run thirty miles an hour, and at the time said cow was first seen the train was running about twenty-five miles per hour. It is also shown that as soon as the cow was seen the whistle was blown, and an emergency application of brakes made, to stop the train. It is also shown that it was impossible to stop the train after the cow was seen before the train struck her, and that when the cow was struck the speed of the train had been reduced to about ten or twelve miles an hour. The testimony shows that the cow was allowed to run at large on the public highway and elsewhere, without any attention, from the time she was turned out in the morning until she was gotten up in the evening, and that the plaintiff had full knowledge of the existence of the railroad track and the running of trains over the same in the vicinity where the cow was permitted to run at large.

Seven errors are assigned, six of which refer to the instructions given and refused by the court, and one to the admission of certain evidence, and a refusal to strike such evidence out after it was let in. It is above shown that the plaintiff seeks to recover for the negligent and careless killing of a cow, and the complaint charges negligence only in running, managing, and operating a locomotive and train of cars. The right to recover is limited to the negligence alleged. The court admitted, over the objection of appellant, evidence tending to prove that appellant had not fenced its track at the point where the cow

was killed, as required by the provisions of section 2670 of the
Revised Statutes.   Evidence was also admitted, over the ob-
jection of defendant, that a highway crossed the railroad track
near where the cow was killed—all of which is assigned as
error.   As the negligence alleged in the complaint consisted of
the running, managing, and operating its locomotive and train,
the right to recover is limited to the negligence alleged in the
complaint, and cannot, without amending the complaint, be
shifted to negligence in fencing its track, or failure to ring the
bell and sound the whistle at points where public highways
cross the track.

At the close of all of the evidence the appellant moved the
court to instruct the jury to return a verdict for the appellant,
which motion was denied.   The denial of said motion is as-
signed as error.   We have carefully examined the evidence,
and find no proof whatever sustaining the allegation of the
complaint to the effect that said cow was killed by the negligent
and careless running of appellant's locomotive and train of
cars.   The right to recover in this suit is predicated upon the
issues made by the pleadings, and must be confined to those
issues.   No issue was made as to whether the killing of the
cow occurred because of appellant's failure to fence its track,
or because of a failure to ring the bell or sound the whistle at
public highway crossings, as required by law, and it is prejudi-
cial error to admit evidence upon said two points.

The court instructed the jury that the burden of proof was
upon the defendant to establish contributory negligence on the
part of plaintiff, which instruction is assigned as error.   In
*Minty v. Railway Co.,* 2 Idaho, 437, 21 Pac. 660, 4 L. R. A.
409, our territorial supreme court held that one seeking to re-
cover for an injury takes the burden upon himself of establish-
ing negligence on the part of the defendant, and due care on
plaintiff's part.   The rule there laid down has been followed
by this court in *Rumpel v. Railway Co.,* 4 Idaho, 13, 35 Pac.
702, 2 L. R. A. 725, and *Railway Co. v. Holt,* 4 Idaho, 443,
40 Pac. 56.   The rule laid down in those cases is upon the
theory that, as plaintiff cannot recover if he is guilty of contrib-
utory negligence, he must allege and show that the damage

occurred without fault on his part. Under the rule established in said cited cases, the giving of the instruction referred to was error.

As interest on the value of the cow was not claimed by the plaintiff in her complaint, it was error to instruct the jury, if they found for the plaintiff, to return a verdict for interest. However, the giving of said instruction was not prejudicial error, as no judgment was entered for interest.

The court erred in refusing to instruct the jury at the close of the evidence to bring in a verdict for the defendant. That being true, it also erred in submitting to the jury the question whether the train could have been stopped, with the exercise of ordinary care, after the presence of the animal was discovered on or near the track, and before it was struck. All of the evidence clearly shows that it could not have been stopped. The judgment is reversed and the case remanded, with costs of this appeal in favor of appellant.

Huston, C. J., concurs, and Quarles, J., concurs in conclusion reached.

QUARLES, J.—I concur in the conclusion reached in this case, but am unable to concur in all of the views expressed. I believe with my associates that under the provisions of our code the actual elements upon which damages are recovered in a case of this kind should be pleaded in the complaint. The spirit of our code and of our practice, so far as pleadings are concerned, is that each party to the action shall be notified in advance of the facts which his adversary expects to prove at the trial.

This is only fairness to both parties. The opinion in this case holds that the judgment and verdict should be set aside and a new trial granted because at the trial the plaintiff was permitted to prove facts showing negligence on the part of the defendant, without those facts having been pleaded in the complaint, thus giving the defendant no notice that evidence would be introduced to prove such facts. That course was manifestly unfair to the defendant. Thus far I concur in the majority opinion. But I am unable to give my assent to the proposition that, before the plaintiff can recover damages based upon the

negligence of the defendant, he must allege and prove that he is not guilty of contributory negligence. The great weight of authority is against this rule. The great weight of authority is to the effect that contributory negligence upon the part of the plaintiff is a defense, and must be pleaded by the defendant as a defense, and that the burden of proving contributory negligence is upon the defendant. To my mind, this is the correct rule. Under this rule the defendant, in its answer in this case, if it relies upon specific acts constituting contributory negligence upon the part of the plaintiff, would have to plead those acts in its answer, and thus notify the plaintiff, in advance of the trial, of the facts it expected to prove showing contributory negligence, thus giving to the plaintiff the opportunity to meet such defense. This rule is fair to the plaintiff, and in accord with the spirit of our code. But the rule enunciated in the majority opinion, to the effect that the plaintiff must allege and prove a negative, and that the burden of proving such negative, to wit, "that the plaintiff has not been guilty of contributory negligence," is upon the plaintiff, virtually makes it unnecessary for the defendant to say anything in its answer about contributory negligence, and leaves the door wide open for the defendant at the trial to prove facts showing contributory negligence on the part of the plaintiff, without the plaintiff having had any notice whatever that such facts would be put in proof or in issue at the trial. The rule to which I cannot assent, believing it to be erroneous, was adopted by the territorial predecessor of this court, and I think has been inconsiderately followed through deference to the territorial supreme court. I think it would be the proper thing to overrule the decisions of this court touching the rule under consideration, and carry out fully the manifest intent and spirit of our code, so far as making up the issues between parties to an action, in their pleadings, is concerned.