(No. 5084.   June 1, 1929.)

VALLEY MEAT COMPANY, Respondent, v. A. E. STANGER, Appellant.

[280 Pac. 678.]

O. A. Johannesen, for Appellant.

Ralph L. Albaugh, for Respondent.

694

WM. E. LEE, J.—The written agreement out of which this action arose was in the nature of a "spread contract." The Valley Meat Company, plaintiff and respondent, sold and delivered to Stanger, defendant and appellant, 269 head of cattle for $10,051.75. Eight thousand three hundred ninety-eight dollars and eighty cents thereof was paid, leaving $1,652.95 to be applied on the repurchase of the cattle. Defendant was to fatten the cattle within a specified time, after which plaintiff could buy them back at an increased price. Defendant was to retain the $1,652.95, if plaintiff failed to repurchase the cattle, but plaintiff was to be credited with that sum if it made the repurchase. Plaintiff was not required to purchase the cattle that were not fat; and, within the time fixed in the contract, it offered to repurchase 105 head of the cattle, which it contended was more than the number actually fat at that time. Defendant refused. He claimed all the cattle were fat and offered to resell them all. Both propositions were rejected, and defendant sold all of the cattle elsewhere.

Plaintiff brought this action to recover $1,652.95. The cause was tried to the court and a jury and, from the judgment entered on a verdict in favor of plaintiff, the defendant appeals.

The point that the contract was one of partnership is without merit. It was properly construed to be a contract for the sale and repurchase of the cattle. (*Bowman v. Adams,* 45 Ida. 217, 261 Pac. 679.)

The other assignment of error worthy of notice is that the court erred in instructing the jury that the defendant had the burden of proving that the cattle were fat. As has been stated, the $1,652.95 was the balance remaining unpaid on the purchase of the cattle by defendant. Plaintiff was not required to repurchase the cattle, but had a right to do so. Defendant was not required to pay the $1,652.95 unless plaintiff repurchased the cattle within the period fixed in the agreement, and in that event, payment of the $1,652.95 was to be made by crediting that sum on the repurchase of the last of the cattle. Plaintiff did not make the repurchase, and alleges, as a reason therefor, that the cattle were not fat.

It was plaintiff's theory that it had a right to repurchase the cattle sold to the defendant and thereby receive payment of the $1,652.95; that the failure of the defendant to fatten the cattle within the prescribed time excused plaintiff from the necessity of repurchasing the cattle in order to obtain the payment; and that, under the circumstances, it had a right to the payment despite the fact that it did not repurchase the cattle. Plaintiff alleged that within the required time it offered to repurchase seventy-three head of the cattle, and that the remainder were not fat. The answer contained a denial of the material allegations of the complaint and an allegation that all the cattle were fat. All the defendant asked was that plaintiff take nothing by its action. Witnesses for plaintiff testified that the cattle were not fat, while the witnesses on behalf of defendant testified that all the cattle were fat. The only material issue for the jury was whether the cattle were fat, and the court instructed the jury that: " .... If you believe by a fair prepon-

derance of the evidence . . . . that plaintiff was ready and willing to receive said cattle and pay for them and *that the cattle were not fat* at the time of the demand . . . . then the plaintiff would be justified in rejecting the said cattle . . . . and it would be your duty to find for the plaintiff and against the defendant," which was followed by the instruction complained of: "Defendant asserts that . . . . he was ready, willing and able to deliver the cattle in question to the plaintiff, *and that the cattle were fat,* and suitable for the market. Therefore, if you believe that the defendant has established the foregoing alleged facts by a fair preponderance of the evidence, the plaintiff could not recover, and your verdict must be for the defendant."

The question for the jury was whether the cattle were fat, and the jury could not have known from the two instructions which of the parties had the burden of proof. The instructions are contradictory; plaintiff is given the burden of proving that *the cattle were not fat,* while the burden was imposed on defendant to prove that *the cattle were fat.* If the cattle were fat, plaintiff could not recover. Plaintiff was the moving party, the party seeking a recovery, and had the burden of satisfying the jury by a preponderance of the evidence of the existence of the facts necessary to a recovery. The one dominant fact necessary to a recovery was that the cattle were not fat; and plaintiff, rather than defendant, had the burden of establishing it. While defendant set up what he called, "A further answer . . . . by way of affirmative defense," the issue before the jury was whether the cattle were fat, and the burden of proof was not on the defendant. Furthermore, the instructions were conflicting and contradictory, and it is impossible to tell by which instruction the jury thought it was bound in rendering a verdict. (*Holt v. Spokane etc. Ry. Co.,* 3 Ida. 703, 35 Pac. 39; *Giffen v. City of Lewiston,* 6 Ida. 231, 55 Pac. 545; 14 R. C. L. 777, sec. 45; 38 Cyc. 1604 "f.")

Judgment reversed. Costs to appellant.

Budge, C. J., Givens and Varian, JJ., and Brinck, D. J., concur.

Petition for rehearing denied.