ALVIN A. BINGAMAN, APPELLEE, V. SECURITIES INVESTMENT CORPORATION, APPELLANT.

FILED OCTOBER 29, 1935. No. 29354.

*Francis P. Matthews* and *William P. Kelley,* for appellant.

*Harry Silverman, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

In this case the appellee, Alvin A. Bingaman, brought suit against the appellant, Securities Investment Corporation, to recover a judgment on 45 credit reserve certificates executed by appellant and delivered by it to the appellee. The jury returned a verdict against appellant for $580.35, the amount of the certificates, with interest. From the overruling of its motion for a new trial, appellant brings the case to this court for review.

The appellant admits the execution and delivery of the certificates and alleges that they have all been paid or credited in full on other indebtedness of the appellee. The reply was a general denial. Appellant assigns as error the overruling of its motion for a directed verdict, and the additional assignment that the verdict of the jury is not sustained by the evidence.

Appellee was a dealer in automobiles and the appellant was engaged in the automobile finance business. Appellee entered into a written agreement with the appellant whereby the appellant was to purchase certain notes and mortgages received by appellee from the buyers of automobiles purchased from him. Appellee agreed also to repurchase any or all motor vehicles repossessed by appellant for failure to make instalment payments due, on their delivery at his place of business within 120 days after the purchaser's default. It was also agreed that appellant should retain an amount equal to 4 per cent. of the purchase price of any and all notes purchased, which amounts were to be evidenced by nonnegotiable credit reserve certificates to be executed and delivered to appellee. Such certificates were to be redeemed in cash upon payment of the note and mortgage in full by the owner of the motor vehicle upon which the certificate was issued and subject to a right of set-off against any other indebtedness that was due appellant by the appellee. Appellant contends that appellee failed to prove as a condition precedent that the notes and mort-

gages, sold to appellant on the motor vehicles described in the certificates, were paid in full and that appellant was therefore entitled to a directed verdict.

The suit at bar was one at law to recover on the credit reserve certificates. Each certificate provided by its own terms that it was payable on condition that all notes had been paid by the purchaser of the motor vehicle described in the certificate that had been made payable to the dealer and indorsed to the Securities Investment Corporation. The evidence of appellee does not show that the notes described in the certificate were paid in full. The question is whether the failure to show a compliance with the condition mentioned would entitle appellant to a directed verdict.

The general rule is that the burden rests on the plaintiff to show the fulfilment of a condition precedent to his right of recovery. 13 C. J. 764. In the case of *Valley Meat Co. v. Stanger*, 47 Idaho, 692, the court, in a case involving the same proposition, said: "Where contract for sale of cattle with provision for repurchase authorized buyer to retain unpaid portion in case of seller's failure to repurchase, with further provision that seller was not required to repurchase cattle that were not fat, seller in subsequent action to recover amount retained had burden of proving that cattle were not fat so as to justify refusal to repurchase."

In the case of *Kinnison Bros. v. Steger*, 11 S. W. (2d) (Tex. Civ. App.) 527, the court said: "It is believed that the memorandum by its terms specified that payment was to depend on the contingency or condition of John P. Steger's receiving the money from the Baptist Church with which to pay appellants. The circumstances under which it was given emphasize that purpose and meaning of the memorandum. * * * The fulfilment of the condition became a prerequisite to liability on this new promise sued on, and the burden of proof was upon appellants to establish the happening of the events upon which the condition was based."

Also, in the case of *Lamar v. King*, 168 Ala. 285, the court held: "Where in connection with the common counts plaintiff also sought to recover on a special contract to pay $1,000 upon performance of services with a certain result, the date of payment to be fixed by a certain event, in order to recover the plaintiff was bound to show that everything had been done and every event had happened on which payment was conditioned." See, also, *Bryan v. Capital Trust & Savings Bank*, 144 Minn. 434.

In the case before us, payment in full of the notes described in the certificate was a condition precedent to a recovery in a suit based on the certificate. If the notes were not paid, appellee could not recover. Appellee was the moving party and had the burden of proving the facts necessary to a recovery. One of the facts necessary to be proved was that the notes described in the certificate were paid. This the appellee failed to do. The trial court should have directed a verdict against him.

Appellee contends for the rule that, where the subject-matter of an allegation is such as to be peculiarly within the knowledge of the adverse party, the burden is on him to give evidence respecting it. We do not concur in this view where the suit is brought upon a conditional promise to pay. In the case of *Strauss v. United Telegram Co.*, 164 Mass. 130, cited by appellee in his brief, the court distinguished the rule governing suits on conditional promises from those containing absolute promises to pay with a condition subsequent attached, in the following language: "If the bonds in question had contained simply a promise to pay interest out of the income earned, it may be conceded that the promise would be merely conditional, and the burden would be on the plaintiff to show that sufficient income had been earned to warrant the payment of interest. *Corcoran v. Chesapeake & Ohio Canal Co.*, 1 MacArthur (D. C.) 358. But the bonds in question contain an absolute promise to pay interest on certain days specified. The words which follow, 'Said interest shall be cumulative, and if any of the payments cannot be made on the dates

named all interest due shall be paid as soon thereafter as sufficient money has been earned to enable the company to do so,' may afford a defense to the company, if it can show that income has not been earned, but cannot be regarded as constituting the earning of income a condition precedent to the maintaining of an action, or as imposing the burden of proof upon the holder of a bond."

The general rule in the case of a condition subsequent, the happening of which is to defeat the cause of action, is that the burden of proof rests upon the defendant to show the fulfilment of the condition. Such is the holding of the court in the case last above cited. Other cases cited by the appellee contain the same distinction and can have no application in a case where a condition precedent is involved. The contention of appellee is without merit under the state of facts existing in the case at bar.

REVERSED.